NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DENNIS CANIZAREZ VAZQUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, DELANEY HALL DETENTION FACILITY, *et al.*,<br><br>Respondents. | Civil Action No. 26-7886 (GC)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court on the submission, on or about June 29, 2026, of a *pro se* petition (Petition) for a writ of habeas corpus under 28 U.S.C. § 2241 (§ 2241) by Yanelis Tamayo Molina, as the putative "next friend" of Petitioner Dennis Canizarez Vazquez, an immigration detainee currently detained at the Delaney Hall Contract Detention Facility ("Delaney Hall") in Newark, New Jersey. (ECF No. 1.) Tamayo Molina also requests an emergency temporary restraining order ("TRO") prohibiting Respondents[1] from transferring Petitioner to any detention facility outside the District of New Jersey pending the resolution of the Petition and an order to show cause requiring Respondents to demonstrate the legal basis for Petitioner's continued detention. (*Id.* at 7.)

---

[1]      The Petition names as Respondents: Warden, Delaney Hall; Field Office Director, U.S. Immigration and Customs Enforcement, Newark Field Office; and Secretary, U.S. Department of Homeland Security. (*See* ECF No. 1 at 1.)

On June 29, 2026, the Court entered a Text Order enjoining Respondents from transferring Petitioner from New Jersey pending further Order of the Court.  (ECF No. 2.)

The federal habeas statute requires that a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his behalf."[2]  28 U.S.C. § 2242; *see also* Habeas Rule 2(c)(5) (requiring the petition to be signed under penalty of perjury by the petitioner or by a person authorized to sign the petition for the petitioner under § 2242).  In limited circumstances, persons unable to prosecute their own actions may have third persons—"next friends"—stand in for them.  *See Whitmore v. Arkansas*, 495 U.S. 149, 161-62 (1990).

To qualify for "next friend" status, the third person must satisfy two requirements: (1) "First, a 'next friend' must provide 'an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action,'" *id.* at 163 (citations omitted); (2) "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest," *id.* at 163-64 (citations omitted).  "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court."  *Id.* at 164 (citations omitted).  "[N]ext friend" standing "'is by no means granted automatically to whomever seeks to

---

[2]    Under § 2241, habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule"), applicable to § 2241 petitions through Habeas Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Under this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  The Court has an obligation to liberally construe *pro se* filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

pursue an action on behalf of another,' *id.* at 163, and next friend habeas petitions are 'rare.'" *Dyer ex rel. Dyer v. Warden of S. Woods State Prison*, No. 25-14807, 2025 WL 2783868, at *2 (D.N.J. Sept. 30, 2025) (citing *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998)).

According to the Petition, Tamayo Molina is Petitioner's spouse, and she has filed the Petition on behalf of her husband because he is detained and "unable to access the courts freely." (ECF No. 1 at 3.)   However, assuming *arguendo* that Tamayo Molina satisfies the two requirements for "next friend" standing, "the Third Circuit has held that a 'non-attorney cannot represent another party, even if acting as a next friend.'" *Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 6424641, at *2 (D.N.J. Dec. 6, 2021) (quoting *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 (3d Cir. 2020)).  Accordingly, as a layperson, Tamayo Molina cannot litigate this case as a next friend for her husband without retaining an attorney. *See Ruiz Perez v. Soto*, No. 25-16871, 2025 WL 3186962, at *2 (D.N.J. Nov. 14, 2025).

For the foregoing reasons, the Court administratively terminates this matter.  Within thirty (30) days of the date of entry of this Memorandum and Order, Petitioner may reopen this matter by submitting a complete and signed habeas petition on the proper form.[3]  Alternatively, within thirty (30) days of the date of entry of this Memorandum and Order, Tamayo Molina may reopen this matter if, through counsel, she: (1) files an amended habeas petition on Petitioner's behalf; and (2) files a motion showing that she satisfies the requirements for proceeding as Petitioner's "next friend."

---

[3]    Local Civil Rule 81.2(a) provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

3

**IT IS**, therefore, on this  30th  day of June, 2026, **ORDERED** as follows:

1. The Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter.

2. Within thirty (30) days of the date of entry of this Memorandum and Order, Petitioner may reopen this matter by: (1) submitting a complete and signed habeas petition on the proper form; alternatively, within thirty (30) days of the date of entry of this Memorandum and Order, may reopen this matter if, through counsel, Tamayo Molina: (1) files an amended habeas petition on Petitioner's behalf; and (2) files a motion showing that she satisfies the requirements for proceeding as Petitioner's "next friend."

3. The Text Order (ECF No. 2) enjoining Petitioner's transfer from the District of New Jersey **SHALL REMAIN IN EFFECT**.

4. The Clerk of the Court shall serve a copy of this Memorandum and Order and a blank § 2241 form—AO 242 (12/11) Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, upon Petitioner at the address on record by regular United States mail.

_____
**GEORGETTE CASTNER**
**United States District Judge**